UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEGUNDO MOROCHO MOROCHO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVE KELLY, et al., )<br>)<br>Respondents. ) | Case No. CIV-25-1247-R |

# ORDER

Petitioner, a citizen of Ecuador who entered the United States in 2006, is a noncitizen of the United States who is currently being detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] contending that § 1225(b)(2)(A) does not apply to noncitizens like him who previously entered the country without inspection and that his continued detention without a bond hearing violates his due process rights.

The matter was referred to United States Magistrate Judge Shon T. Erwin under 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation [Doc. No. 15] recommending that the Court partially grant the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner. Respondents filed a timely Objection to the Report [Doc. No. 17] and Petitioner filed a Response to their Objection [Doc. No.

1

18]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection was made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. Section 1225(b)(2)(A) states:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

Respondents contend this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Petitioner argues that § 1225(b)(2)(A) does not apply to those who have resided in the United States for many years and are not arriving or recently arrived to the United States, and that a different provision, § 1226(a), applies to aliens who have been unlawfully living in the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

The Seventh Circuit recently considered this issue in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025). Although the

Seventh Circuit was considering the issue in a "preliminary" posture, *id.* at *12, the analysis is persuasive. Relying on the text and structure of the two provisions, the Seventh Circuit concluded that the government's argument was likely to fail on the merits:

> That's because § 1225(a)(1) defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). And while a noncitizen arrested in the Midwest might qualify as "an alien present in the United States who has not been admitted," § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)."

*Id.* at *9 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)). Petitioner, who has been residing in the United States for many years and was already in the country when he was apprehended, falls outside the scope of § 1225(b)(2)(A) because he is not also an "alien seeking admission."

Respondents contest this reading, positing that the statute unambiguously provides that an alien who is an "applicant for admission" is "seeking admission." Again, the Seventh Circuit's analysis is apt:

> [A]dmittedly, this argument has some superficial appeal. After all, a person does not apply for something they are not seeking. Moreover, § 1225(a)(3), which Defendants point to, refers to noncitizens "who are applicants for admission or *otherwise* seeking admission," 8 U.S.C. § 1225(a)(3) (emphasis added), suggesting that "applicants for admission" are those "seeking admission." But it is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an "applicant for admission" to "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are "seeking admission" within the definition but elected not to do so.

3

> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase "seeking admission" superfluous, violating one of the cardinal rules of statutory construction.

*Id. See also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) ("The Court finds that § 1225(b)(2)(A) unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control."); *Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *3 (W.D. Okla. Dec. 2, 2025) ("[I]f all applicants for admission are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant."); *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *4 (N.D. Ill. Oct. 29, 2025) ("Because of § 1225(a)(1), the universe of 'applicants for admission' is not coextensive with noncitizens 'seeking admission.' If the categories overlapped perfectly, there would be no need for Congress to have used the phrase 'seeking admission' in § 1225(b)(2)(A).").

Another Court in this district has held otherwise on this issue, finding that § 1225(a)(1) imposes the label "seeking admission" on all "applicants for admission." *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *7-9 (W.D. Okla. Dec. 26, 2025). Other district courts across the country have held similarly, but the weight of authority in this district and other district courts in Oklahoma coincides with the Seventh Circuit's analysis. *See Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *2-3 (W.D. Okla. Jan. 2, 2026); *Medina-Herrera*, 2025 WL 3460946, at *2-4; *Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *2-4 (W.D. Okla. Dec. 8, 2025); *Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *2-3 (W.D. Okla. Nov. 26, 2025); *Escarcega v. Olson*, No. CIV-25-1129-J, 2025 WL 3243438, at *2-3 (W.D. Okla. Nov. 20,

4

2025); *Colin*, 2025 WL 3645176, at *2-5; *Leonardo G.Z v. Noem*, No. 25-CV-0600-SEH-MTS, 2025 WL 3755590, at *8-11 (N.D. Okla. Dec. 29, 2025).

The Court agrees with the majority of the other courts in this district and the Seventh Circuit's reasoning. "[B]ased on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Diaz*, 2025 WL 3296310, at *3. Because Petitioner has been unlawfully living in the United States for many years without seeking admission, the provision does not apply to him.

Alternatively, Respondents assert Petitioner seeks admission because he has filed a 42B application to cancel his removal proceedings and to obtain legal residency [*See* Doc. No. 17-1]. Petitioner argues, and other courts in this district and elsewhere agree, that

> [a]lthough the Petitioners in these cases have not been lawfully admitted and at various times took some action that would allow them to lawfully remain in the United States, these actions were taken outside the context of § 1225(b)(2)'s "seeking admission" requirement. They did not involve a preliminary examination by an examining immigration officer upon initial entry to the United States, nor did they occur in close temporal proximity to their initial arrival. Accordingly, mandatory detention under § 1225(b)(2) is not authorized in these cases.

*Medina-Herrera*, 2025 WL 3460946, at *4 (quoting *P.R.S. v. Streeval*, Nos. 4:25-cv-330, 4:25-cv-337, 2025 WL 3269947, at *2 (M.D. Ga. Nov. 24, 2025)) (finding petitioners' 42B applications "fell outside the context of" § 1225(b)(2)'s "seeking admission" requirement). This Court agrees. Petitioner's application to cancel removal does not make him a person "seeking admission" within the context of § 1225(b)(2).

Because Petitioner is not "seeking" admission, § 1225(b)(2)(A) does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a).[1]

"Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge" and "Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a)." *Diaz*, 2025 WL 3296310, at *3. Accordingly, Petitioner is entitled to a bond hearing as set out in § 1226(a).

After conducting a full de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 15] and GRANTS the Petition, in part, as set out above.[2] Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner if he has not received a prompt bond hearing.

IT IS SO ORDERED this 6th day of January, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court concludes that the plain language of § 1225 does not apply to Petitioner, there is no need to address Respondents' arguments regarding the title, purpose, and historical interpretation of the statute.

[2] Given that the Court has granted Petitioner's request for a bond hearing, the Court declines to address Petitioner's due process claim at this time.